IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAYOR AND CITY COUNCIL OF
BALTIMORE, *et al.*,

*Plaintiffs*,

vs.

CONSUMER FINANCIAL
PROTECTION BUREAU, *et al.*,

*Defendants*.

Case No. 1:25-cv-00458-MJM

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION**

Plaintiffs Mayor and City Council of Baltimore and Economic Action Maryland Fund respectfully submit that the attached declaration will aid the Court in its consideration of Plaintiffs' pending motion for a preliminary injunction, and that it should therefore be accepted for filing.

One of the issues before this Court concerns whether Defendants have made a decision to transfer the CFPB's operating funds beyond its control—a decision Defendants have never directly denied. On February 28, Plaintiffs submitted (and this Court accepted for filing) two declarations that had been filed in *National Treasury Employees Union v. Vought*, a parallel proceeding pending in the U.S. District Court for the District of Columbia. One of those declarations (from a pseudonymous "Blake Doe") stated: "I have seen an email dated February 11, 2025, in which Mr. [Adam] Martinez[, the CFPB's chief operating officer,] stated that Chief Financial Officer Jafnar Gueye was in communications with the Federal Reserve about how to return money to either the Federal Reserve or the Treasury." *See* ECF No. 36-1 ¶ 5.

Today, Defendants in the *NTEU* case filed a supplemental declaration from Mr. Martinez, in response to the Blake Doe declaration, among others. In that declaration, Mr. Martinez offered testimony confirming the existence of an effort to transfer funds away from the CFPB. He states that "the Bureau has not attempted to transfer any of its funds back to the Federal Reserve" and that he is "not aware of a mechanism to transfer funds back to the Federal Reserve." Martinez Suppl. Decl. ¶ 6. But Mr. Martinez also admits that "CFPB's CFO did receive an inquiry"—Mr. Martinez does not say from whom—about whether 'excess' funds from the Bureau Fund could be transferred back to the Federal Reserve." *Id.*

Mr. Martinez reports that the CFO (Mr. Gueye, who submitted a declaration in this case) conducted research on the question, "including communicating with the Federal Reserve to determine if there was any authority or mechanism from the Federal Reserve's perspective that he was unaware of." *Id.* Mr. Martinez states that "[b]ased on that research, [Mr. Gueye] determined that there indeed is no authority or mechanism to transfer excess funds back to the Federal Reserve, to transfer excess funds to the Federal Reserve's control, or to transfer excess funds to the control of any other entity. The agency has therefore not attempted to do so." *Id.*

Notably, consistent with Defendants' statements in this matter to date, Mr. Martinez does not disavow any intention to transfer reserve funds away from CFPB. Nor does he disavow any personal awareness of a mechanism by which CFPB could transfer funds to any entity *other* than the Federal Reserve. As Plaintiffs made clear in their briefing, CFPB is capable of transferring money to Treasury, and has done so in the past. *See* ECF No. 30, at 7 & n.8; *see also, e.g.*, Consent Order ¶ 77, *CFPB v. Fay Servicing, LLC*, No. 2024-CFPB-0007, 2024 WL 4191450 (CFPB Aug. 21, 2024) (providing that if any funds paid as redress cannot be returned to affected consumers, "the Bureau will deposit any remaining funds in the U.S. Treasury"); Consent Order ¶ 99, *CFPB*

*v. Chime, Inc.*, No. 2023-CFPB-0012, 2023 WL 7474376 (CFPB Oct. 17, 2023) (same); Consent Order ¶ 57, *CFPB v. Hello Digit, LLC*, No. 2022-CFPB-0007, 2022 WL 19408730 (CFPB Aug. 10, 2022) (same). Mr. Martinez's declaration does not address this past practice.

Because this supplemental declaration bears directly on issues before the Court, Plaintiffs respectfully submit that it should be entered into the record.

Dated: March 2, 2025

Respectfully submitted,

/s/ *Mark B. Samburg*

Mark B. Samburg
Kevin E. Friedl*
Jessica Anne Morton*
Daniel McGrath*
J. Sterling Moore*
Robin F. Thurston*
Skye L. Perryman*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
msamburg@democracyforward.org
kfriedl@democracyforward.org
jmorton@democracyforward.org
dmcgrath@democracyforward.org
smoore@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

*Admitted *pro hac vice*

3