IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00458-MJM |

**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Pursuant to Rule 41(a)(1)(A)(i), Plaintiffs Mayor and City Council of Baltimore and Economic Action Maryland Fund hereby give notice that the above-captioned action is voluntarily dismissed without prejudice against Defendants Consumer Financial Protection Bureau and Russell Vought.

Defendants have repeatedly represented that there is no mechanism by which Defendant Consumer Financial Protection Bureau can transfer away money from, or otherwise relinquish control over the money in, the Bureau Fund. *See, e.g.*, ECF No. 43, at 2 ("'[T]here indeed is no authority or mechanism to transfer excess funds back to the Federal Reserve, to transfer excess funds to the Federal Reserve's control, or to transfer excess funds to the control of *any other entity*.'") (quoting ECF No. 39-2 ¶ 6) (emphasis in original); *id.* at 4 ("What matters is that there is 'no authority or mechanism' to transfer those 'funds to the control of any other entity' but CFPB.") (quoting ECF No. 39-2 ¶ 6); ECF No. 49-1, at 4 (after research, "the CFPB 'determined that there indeed is no authority or mechanism to transfer excess funds back to the Federal Reserve, to transfer excess funds to the Federal Reserve's control, or to transfer excess funds to the control

of any other entity'") (quoting ECF No. 39-2 ¶ 6); ECF No. 29, at 6 (Bureau's "Chief Financial Officer ('CFO') is unaware of any mechanism for" transferring funds back to the Federal Reserve); *id.* at 8 ("the agency's CFO is not aware of any mechanism to transfer any of the agency's funds back to the Federal Reserve"); ECF No. 29-1 ¶ 16 (Bureau's CFO is "not aware of any mechanism for the Bureau to transfer its funds to the Federal Reserve").

Defendants have, consequently, repeatedly represented that the CFPB can reduce its reserve fund only by internally transferring reserve funds to use for operations. S*ee, e.g.*, ECF No. 43, at 2 ("[T]he Bureau *only* transfers funds for the payment of expenditures incurred in the normal course of Bureau activities pursuant to its statutory obligations.") (quoting ECF No. 39-2 ¶ 6) (emphasis in original); ECF No. 29, at 7 (explaining that "reducing the reserve fund means making more funding available for the agency to use now"); *id.* at 14 (a "decision to reduce the size of the CFPB's reserve fund is intrinsically a decision about the proper *allocation*" of Bureau funds) (emphasis added); ECF No. 29-1 ¶ 15 ("As a practical matter, reducing the excess in the Reserve Fund means that the Bureau's operating balance increases."); ECF No. 49-1, at 3-4 ("[R]educing the excess in th[e] reserve fund would make that money immediately available to the Bureau for its operations; it would not result in a transfer of money to another agency or entity.").

On the basis of these representations, Plaintiffs voluntarily dismiss this action without prejudice. If Defendants later transfer Bureau funds in contradiction of their repeated representations about their lawful authorities, abilities, and intent, Plaintiffs will undertake further actions as appropriate.

Dated: May 29, 2025

Respectfully submitted,

/s/ *Mark B. Samburg*

Mark B. Samburg
Kevin E. Friedl
Jessica Anne Morton
Daniel McGrath
J. Sterling Moore
Robin F. Thurston
Skye L. Perryman*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
msamburg@democracyforward.org
kfriedl@democracyforward.org
jmorton@democracyforward.org
dmcgrath@democracyforward.org
smoore@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

*Admitted *pro hac vice*